# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)

| | | |
|---|---|---|
| IN RE: | : | |
| KAYLA LEANN BOYD | : | BK. No. 16-22970-CMB |
| Debtors | : | |
| | : | Chapter No. 7 |
| WELLS FARGO BANK, NA | : | |
| Movant | : | Document No. |
| v. | : | |
| KAYLA LEANN BOYD | : | Hearing Date: October 25, 2016 |
| and | : | |
| NATALIE LUTZ CARDIELLO, ESQUIRE (TRUSTEE) | : | Hearing Time: 02:30 P.M. |
| | : | |
| Respondents | : | Objection Date: October 17, 2016 |
| | : | |
| | : | |

### MOTION OF WELLS FARGO BANK, NA FOR RELIEF FROM THE AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001

Movant, by its attorney, Phelan Hallinan Diamond & Jones, LLP hereby requests a termination of the Automatic Stay and leave to foreclose on its mortgage on real property owned by KAYLA L BOYD and non-filing Co-Borrower, KEVIN L JANSEN.

1. Movant is **WELLS FARGO BANK, NA**.

2. **KAYLA L BOYD and non-filing Co-Borrower, KEVIN L JANSEN**, are the owners of the premises located at **733 GARFIELD STREET, SPRINGDALE, PA 15144**, hereinafter known as the mortgaged premises. The mortgage was recorded on August 19, 2015, in Allegheny County, PA, Book M, Volume 45507, and Page 489.

3. Movant is the holder of a mortgage in the original principal amount of **$122,735.00** on the mortgaged premises, that was executed on **August 17, 2015**.

4. Movant wishes to institute foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required thereunder.

5. The principal balance owed on the loan as of September 14, 2016, is $121,635.88.

6. Interest in the amount of $2,619.32 has accrued since the application of the last payment received from the Debtor.

7. In addition, the following charges, fees and costs have been added to the balance of the loan and are due and owing to Movant: Pro Rata MIP in the amount of $84.76, Escrow advance in the amount of $1,603.90, and Late charges in the amount of $70.32.

8. As of September 14, 2016, the payoff due on the mortgage is $126,014.18.

9. Debtor has failed to tender payments for the months of April 2016 through September 2016. The monthly payments for April 2016 through September 2016 are $983.60, with Late charges in the amount of $70.32. The next payment is due on or before October 1, 2016 in the amount of $983.60.

10. As of September 14, 2016, the amount necessary to reinstate the loan is $5,971.92.

11. The fair market value of the premises is $125,000.00 based on the Debtor's Schedule A-Real Property. A copy of the Debtor's Schedule A-Real Property is attached hereto as Exhibit "A" and made a part hereof.

12. As per the Debtor's Statement of Intention, dated August 11, 2016, the Debtor plans to surrender the property. A copy of the Debtor's Statement of Intention is attached hereto as Exhibit "B" and made a part hereof.

13. There are no Junior Lien holders.

14. There are no liens on the premises that are senior to Movant's lien.

15. The foreclosure proceedings to be instituted were stayed by the filing of the instant Chapter 7 Petition.

16. The Debtor has no equity in the premises.

17. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

18. Movant specifically requests permission from the Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

20.     Respondent, NATALIE LUTZ CARDIELLO, Esquire, is the Trustee appointed by the Office of the United States Trustee.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a.      Modifying the Automatic Stay under 11 U.S.C. Section 362 of the Bankruptcy Code with respect to the mortgaged premises as to permit the Movant, its successors or assignees, to foreclose on its mortgage or take any legal or consensual action enforcement of its right to possession of, or title to, said premises (such actions may include but are not limited to the signing of a deed in lieu of foreclosure or entering into a loan modification agreement) and to allow the purchaser of said premises at Sheriff's Sale (or purchaser's assignee) to take any legal or consensual action for enforcement of its right to possession of, or title to, said premises; and

b.      Granting any other relief that this Court deems equitable and just.

/s/ James A. Prostko, Esquire
James A. Prostko, Esq., Id. No.27221
Phelan Hallinan Diamond & Jones, LLP
Omni William Penn Office Tower
555 Grant Street, Suite 300
Pittsburgh, PA 15219
Phone Number: 215-563-7000 Ext 31501
Fax Number: 215-568-7616
Email: james.prostko@phelanhallinan.com
Attorney for Movant/Applicant

September 30, 2016